ROAD DISTRICT No. 3, JACKSON COUNTY ET AL. v. CLAUDE
POLLARD, ATTORNEY-GENERAL.

No. 5132.   Decided March 7, 1929.
(14 S. W., 2d Series, 57.)

*John T. Vance* and *W. M. Harris,* for relators.

*Claude Pollard,* Attorney-General, and *D. L. Whitehurst,* Assistant, for respondent.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

Relator is a "road district" established September 12, 1927, by order of the Commissioners' Court of Jackson County in virtue of the authority of Chapter 16, Section 2, Acts of Thirty-Ninth Legislature, 1926, First Called Session, amended by Chapter 92, Section 1,

Acts of Fortieth Legislature, First Called Session, 1927 (Art. 752c, Vernon's Ann. Tex. Stat.). No question is made about the regularity of its creation.

September 12, 1927, after creation of the district, there was presented to the Commissioners' Court a petition purportedly signed by persons with the representations (included in the paper signed) that each of them was a "resident tax-paying voter" within certain territorial boundaries therein described and that they constituted a majority of such "resident tax-paying voters." The boundaries described in the petition are co-incident with the boundaries laid out in the order of the Commissioners' Court creating the district. The paper had been filed before entry of the order creating the district, and it included a prayer for creation of the district with the boundaries such as were, in fact, defined in the order of creation. In the petition it was prayed that an election be ordered within the territory named (as a district) to determine whether or not the bonds of such "district" (in amount of $100,000.00) should be issued for the purpose of construction, etc., of macadamized, gravelled or paved roads, etc., and appropriate tax levy made. (See Art. 752d, Vernon's Ann. Tex. Stat.)

Thereafter (and on September 12, 1927) an order was entered by the Commissioners' Court fixing October 10, 1927, as the time and the Courthouse of the county as the place "for the hearing of such petition."

Thereupon notices were duly given as provided for in Art. 752d. "Hearing and determination" of the matter was had at the time and place therefor provided and in accordance with the terms of Art. 752e, Vernon's Ann. Tex. Stat. The election was called and held; returns were canvassed and result favorable to issuance of the bonds and tax levy was declared; bonds were prepared and issued and presented to the Attorney General for approval.

All proceedings were regular, it is admitted by respondent, the Attorney General, unless it be that a petition such as is described in Art. 752d must be filed after creation of a district such as is provided for in Art. 752c. He took the position that the petition as actually filed before entry of the order of creation and acted upon after entry of that order was not such as was authorized for invocation of the jurisdiction of the Commissioners' Court; in such a case, it is said, signers of the petition may not be residents, etc., of the "district" created. Accordingly, approval of the bonds was refused. In this proceeding (brought to compel approval by the Attorney

General) the sole question is whether the Commissioners' Court had authority to act upon the petition (described) as presented.

Amongst the powers which have to be exercised by the Commissioners' Court in providing for an election is that of determining whether or not the petitioners (or a sufficient number of them to constitute a majority) are "resident property tax-paying voters" of the district, Art. 752e. Its determination of that matter is immune to collateral attack. Hence, in this proceeding, it must be regarded as true that the signers of the petition actually presented (or a sufficient number of the signers) then,—*i. e.*, on October 10, 1927,— made up a majority of the resident tax-paying voters of the district as created. As stated, the boundaries shown in the petition as enclosing the residence, etc., of the petitioners are co-incident with the boundaries established by the Commissioners' Court in creating the district.

That which by the statute is made jurisdictional is "presentation" of a "petition signed by * * * a majority of the resident tax-paying voters of said * * * district." "Presentation" is not by the statute defined as (or made synonymous with) "filing." In the present instance the paper was filed before creation of the district but it was presented afterward; and, as shown, it bore (when presented) the requisite number of signatures of persons who were then (and were ascertained to be) "resident tax-paying voters of said * * * district." In our opinion, the petition as presented and viewed (as is must be in this proceeding) with consequent orders adjudging (expressly or impliedly) inquiry into and determination of facts of then present residence and other qualifications of the signers was sufficient.

It might be that a situation of materially different consequence would be presented if the territorial boundaries of the residences, etc., of the signers as described in a petition varied from the boundaries as subsequently laid out by the Commissioners' Court. We say this merely by way of precaution against attempts to apply the present decision to a different set of facts.

Accordingly, we recommend that the writ of mandamus be issued requiring the Respondent, Honorable Claude Pollard, as Attorney General, to approve the bonds tendered for approval.

The opinion of the Commission of Appeals is adopted, and the mandamus awarded.

*C. M. Cureton*, Chief Justice.